UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Misc. Proceeding: 12-71001

DANIEL RITTENHOUSE,                                    Hon. Scott W. Dales

                    Plaintiff,

v.

DAVID M. HULCE and WENDY K.
HULCE,

                    Defendants.
_____/

OPINION AND ORDER REGARDING MOTION TO QUASH

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

Daniel Rittenhouse (the "Plaintiff") commenced an adversary proceeding in the

United States Bankruptcy Court for the Eastern District of Wisconsin against David M.

Hulce and Wendy K. Hulce (the "Defendants"), and served a subpoena *duces tecum*

upon the Defendants' accountant, non-party David J. Johnson, CPA, of Anderson,

Tackman & Company, P.L.C. (the "Accountants").[1]   In response, the Accountants filed a

Motion to Quash Subpoena Pursuant to Fed. R. Civ. P. 45 (the "Motion," DN 14).

The Accountants advance two principal grounds in support of their Motion: (1)

Michigan's statutory accountant-client privilege (M.C.L. § 339.732); and (2) the burden

---

[1] Because the Accountants are located within the Western District of Michigan, and because the subpoena directed the Accountants to produce the documents here, the Plaintiff's counsel issued a subpoena on behalf of the United States Bankruptcy Court for the Western District of Michigan, as contemplated under the rules.  *See* Fed. R. Civ. P. 45(a)(2) (court where production will take place to issue subpoena) & (a)(3) (attorney admitted to practice in issuing court may issue subpoena); Fed. R. Bankr. P. 9016 (making Fed. R. Civ. P. 45 applicable in bankruptcy court).

of complying with the subpoena.  During the hearing, the Accountants and the Plaintiff narrowed the issues considerably, but significant questions remain for decision.

To accommodate the pretrial deadlines and imminent trial in the Eastern District of Wisconsin, the court conducted an expedited hearing on the Motion by telephone on August 28, 2012, and is providing in this Opinion and Order a brief summary of its reasons for granting the Motion in part, and denying it in part.

## I.    JURISDICTION

Although the adversary proceeding at issue in this Opinion and Order is pending in the Eastern District of Wisconsin, the Judicial Code provides that "the district *courts* shall have original and exclusive jurisdiction of *all cases* under title 11."  28 U.S.C. § 1334(a) (emphasis added). The fact that the adversary proceeding is pending in the Eastern District of Wisconsin rather than the Western District of Michigan is a matter of venue, rather than jurisdiction. *Compare* 28 U.S.C. § 1334 (jurisdiction) *with id.* § 1408 (venue).  Similarly, because federal procedural rules cannot expand jurisdiction, *see* Fed. R. Bankr. P. 9030, the court regards Fed. R. Civ. P. 45(a)(2)(C) & 45(c)(3)(A) as affecting venue rather than jurisdiction. The court concludes that the United States District Court for the Western District of Michigan has jurisdiction.

Because this Motion is related to a bankruptcy case (albeit one pending in a different venue), this miscellaneous proceeding is within the standing referral of matters to the United States Bankruptcy Court for the Western District of Michigan.  *See* LCivR 83.2(a) (W.D. Mich.); 28 U.S.C. § 157(a).   It potentially affects the Defendants' discharge, and is therefore a "core proceeding" under 28 U.S.C. § 157(b)(2)(I) & (J).  For these reasons, the court concludes that it has authority to resolve the Motion.

## II.   DOCUMENTS AT ISSUE

As noted above, the Accountants and the Plaintiff agreed during the hearing that the subpoena seeks production of only the state and federal tax returns and attachments actually filed, and any amendments actually filed (the "Tax Returns"), and not any work papers or tax advice.  This stipulation helpfully narrowed the dispute.   According to the court's recollection of Mr. Johnson's uncontested report during the hearing, the Accountants have the following Tax Returns within their custody and control:

| Taxpayer Client | Tax Returns at Issue |
|---|---|
| Terrazo Creations and Renewal | State and Federal Returns for 2005-2006 |
| DH and Associates | None |
| Ron Hulce (now deceased) | State and Federal Returns for 2004-2011 |
| Nancy Hulce | State and Federal Returns for 2004-2011 |
| Ron Hulce & Sons | State and Federal Returns 2004-2010 |
| David Hulce | State and Federal Returns for 2004-2010 |
| Wendy Hulce | State and Federal Returns for 2004-2010 |
| Michael Begres | State and Federal Returns for 2005-2006 |
| Leigh Begres | State and Federal Returns for 2005-2006 |

During the hearing, the Accountants agreed to provide the Tax Returns of the Defendants, David and Wendy Hulce, without asserting any privilege, but the Accountants continue to challenge the subpoena with respect to their other (non-party) clients.

### III. ACCOUNTANT-CLIENT PRIVILEGE

In federal court, federal law generally governs claims of privilege, except that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501.  Here, it appears from the statements of counsel during the hearing that the adversary proceeding involves the Plaintiff's objection to the Defendants' discharge generally, and failing that, his request to except a debt from any discharge entered in the Eastern District of Wisconsin.  *See* 11 U.S.C. §§ 523 & 727.   In the Seventh Circuit, where the adversary proceeding is pending, controversies regarding the scope of a bankruptcy discharge involve the application of federal law as the rule of decision:

> Bankruptcy law depends on, and implements, entitlements defined by state law, *see*, *e.g.*, *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Wayco*, 947 F.2d 1330, 1332 (7th Cir.1991) (applying this principle to ascertaining whether a trust had been created), *but which of these entitlements is subject to discharge or a trustee's avoiding power is beyond state control*.

*In re McGee*, 353 F.3d 537, 540 (7th Cir. 2003) (emphasis added).   Indeed, the Accountants conceded this point during the hearing, but only with respect to the Defendants, not with respect to their non-party clients.

Because the adversary proceeding does not invoke state law as the rule of decision, Michigan's statutory accountant-client privilege under M.C.L. § 339.732 does not control the outcome of the Motion.   *See* Fed. R. Evid. 501.   Moreover, the Accountants have not asserted any federal common law or statutory privilege, although they have the burden of doing so. *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) ("A nonparty seeking to quash a subpoena bears the burden of demonstrating that the

discovery sought should not be permitted.").[2]   The fact that the non-parties assert no "claim or defense" in the adversary proceeding does not, in the court's view, require any departure from the general rule prescribed in Fed. R. Evid. 501 that *federal* law will govern privileges in federal court.   The adversary proceeding is a civil proceeding, and it is perfectly ordinary for parties in civil proceedings to seek testimony and documents from non-parties.  The federal procedural and evidence rules certainly contemplate this unremarkable fact of litigation.  Moreover, the claims and defenses before the Eastern District of Wisconsin are admittedly federal.  The court, therefore, will deny the Motion to the extent it asserts a privilege on behalf of the non-party clients.

## IV. BURDEN OF COMPLIANCE

In addition to asserting the state accountant privilege, the Accountants contend that the subpoena imposes a burden on them and on the privacy interests of their non-party clients. Although Mr. Johnson originally estimated that it would cost the Accountants at least $30,400.00 to comply with the subpoena, by the time of the hearing, and with the stipulated narrowing of documents to filed Tax Returns only, the parties agreed that the cost of complying would not exceed $2,000.00. They also agreed that the Plaintiff would tender this amount before the production, as the Accountants request. This resolution avoids "significant expense" to the Accountants resulting from compliance with the subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B)(ii).

---

[2] The Accountants did not invoke the federal tax preparer's privilege under 26 U.S.C. § 7525, perhaps because it generally prevents disclosure of communications and tax advice, not necessarily filed returns.  In any event, the record does not permit the court to pass on the applicability of that federal privilege, even assuming it applies with respect to the federal returns at issue.

With respect to the burden on the non-party clients' privacy interests, the court is willing to condition its enforcement of the subpoena upon a modest protective order, one that limits the Plaintiff's use of the documents that the Accountants will produce solely for purposes of litigating in the adversary proceeding. The court, however, will not tie the hands of the Wisconsin bankruptcy judges, for example by sealing documents or conditioning any filing on advance notice. Instead, it will rely on the stipulation —on the telephonic record— that Plaintiff's counsel will not file any of the Tax Returns in the Eastern District of Wisconsin without first affording the Accountants and their non-party clients fourteen days in which to seek a protective order from the United States Bankruptcy Court for the Eastern District of Wisconsin.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 14) is GRANTED in part and DENIED in part, as provided herein.

IT IS FURTHER ORDERED that the Accountants shall promptly produce to Plaintiff's counsel the state and federal Tax Returns for the years and entities enumerated in the table on the third page of this Opinion and Order.

IT IS FURTHER ORDERED that the Plaintiff and his counsel may use the documents that the Accountants produce solely for purposes of the adversary proceeding now pending in the United States Bankruptcy Court for the Eastern District of Wisconsin, and shall return all copies (and retain none) at the conclusion of that litigation, after settlement or entry of the last appealable order in the highest court to which the parties may turn.

---

[3] Orders to seal court documents implicate the public's interest in judicial proceedings, an interest that is considerably greater when parties present documents for a court's review than when they use them, privately, to prepare for trial. Plaintiff's counsel put the Accountants on notice during the hearing that he intends to rely on the Tax Returns as part of his case. The court assumes that interested parties will address any requests for sealing orders to the appropriate tribunal, at the appropriate time. Now is not the time and the Western District of Michigan is not the place for such a request.

IT IS FURTHER ORDERED that Plaintiff shall tender to the Accountants, within 7 days after entry of this Opinion and Order, $2,000.00 as a deposit to be applied against the Accountants' costs of complying with the subpoena, whether those costs are incurred before or after the Plaintiff tenders the deposit.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Allan J. Rittenhouse, Esq., Mikael G. Hahner, Esq., and Thomas B. Sewall, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated August 29, 2012**



Scott W. Dales
United States Bankruptcy Judge